## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**GREGORY JONES AND JULIE JONES**         **CIVIL ACTION**

**VERSUS**        **NO. 07-2905**

**ZURICH INSURANCE COMPANY**        **SECTION "T" MAG. (1)**

<u>**ORDER AND REASONS**</u>

Before the Court is Defendant's Motion to Dismiss or in the Alternative, Motion for Summary Judgment and Motion for Attorneys Fees. Rec. Doc. 11. The Plaintiffs did not file an Opposition to this Motion but rather filed a Motion to Quash Summary Judgment, Motion for Attorneys Fees and Motion for Sanctions. Rec. Doc. 13. Defendant did not file an Opposition to Plaintiff's Motion. The matters came for hearing without oral argument on September 19, 2007 and were taken under submission. The Court having considered the memoranda and arguments of the parties, the record, the law, and applicable jurisprudence is fully advised in the premises and ready to rule.

## I.  BACKGROUND

Gregory and Julie Jones (hereinafter, "Plaintiffs") are the owners of property located at 5681 Eastover Drive in New Orleans, Louisiana. During Hurricane Katrina, Plaintiffs' property and the contents therein sustained damage. At the time of the hurricane, Plaintiffs' property was insured under a Builder's Risk Policy issued by Assurance Company of America (erroneously referred in the Complaint as Zurich Insurance Company of America). The policy's effective date was October 27, 2004 to October 27, 2005. Plaintiffs urge that their home was worth approximately $400,000 before Hurricane Katrina and was 60% complete at that time. The storm left only a slab and fence. Rec. Doc. 13 at p. 1.

Assurance Company of America (hereinafter, "ACA") adjusted the loss and based upon that

adjustment, tendered Plaintiffs $14, 523.60 for the wind damage to the property.  Plaintiffs accepted that amount.

The instant suit ensued in which Plaintiffs' allege that their property "suffered severe damage and/or was a total loss as a result of wind damage."  *See* Exhibit "B" attached to Rec. Doc. 1 at paragraph 2.  Plaintiffs also assert that they secured flood insurance coverage for their property from Defendant which was in effect at the time of the storm.  *See* Exhibit "B" attached to Rec. Doc. 1 at paragraph 3.  Plaintiffs' allege that the $14, 523.60 figure calculated by Defendant is "arbitrary and capricious," was done with "deceit and possible fraud," and was done with "design to force petitioners to give up their rights under the policy, file litigation, or accept outrageous representations of [Defendant]."  *See* Exhibit "B" attached to Rec. Doc. 1 at paragraph 4.  Plaintiffs claim they are entitled to policy limits as the damages to their home greatly exceed the policy limits and that they are entitled to statutory penalties, attorneys fees and all costs.  *See* Exhibit "B" attached to Rec. Doc. 1 at paragraphs 5-6.

ACA filed the instant Motion arguing that the Plaintiffs' claims were properly adjusted in accordance with the coverages under the policy and further, despite that the case has been pending since May 2007, Plaintiff has not offered any additional proof that they are entitled to any further amounts under the policy.  Rec. Doc. 11 at p. 3.  Accordingly, ACA argues that Plaintiffs have no claim for statutory penalties and/or attorneys fees pursuant to LSA-R.S. 22:658 and LSA-R.S. 22:1220 because it has "timely, properly and thoroughly" investigated and adjusted the claims. Further, ACA urges no genuine issues of fact exist as to the Plaintiff's ability to claim damages under other policy provisions in that the wind damage claims have been properly adjusted and any other claims for damages are specifically excluded or not covered under the policy.  Rec. Doc. 11

2

at p. 3.

Plaintiffs responded by filing a Motion to Quash the Defendant's Motion claiming that summary judgment is premature because they have not answered discovery propounded to them due to counsel being unable to locate them in another state; Defendant has not allowed Plaintiffs to depose its corporate representative despite requests; and Defendant filed a Motion for Summary Judgment in an effort to prevent Plaintiffs from deposing the corporate representative.  Rec. Doc. 13 at p. 2.  Plaintiffs further urge that the attempt by Defendant to prevent them from taking its corporate deposition and conducting discovery by filing this premature motion is Rule 12 sanctionable conduct.  Rec. Doc. 13 at p. 2.  Accordingly, Plaintiffs argue that the summary judgment motion "should be quashed out of fundamental fairness and defendant should be compelled to produce a corporate representative and deposition before this matter proceeds any further."  Rec. Doc. 13 at p. 3.

## II.    LAW AND ANALYSIS

Summary judgment should be granted only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FRCP 56(C).[1]  The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact.  *Stults v. Conoco, Inc.,* 76 F.3d 651, 655-56 (5th Cir. 1996) *citing, Skotak v. Tenneco Resins, Inc*., 953 F.2d 909, 912-13

---

[1]While Defendant's Motion is filed as a Motion to Dismiss or alternatively, one for Summary Judgment, all parties have treated the Motion as one for Summary Judgment and have attached documents in support of their claims which are outside of the pleadings.  In accordance with FRCP12 (b), the Motion to Dismiss is converted to one for summary judgment.

3

(5th Cir.).  When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts.  The nonmoving party must come forward with "specific facts showing that there is a genuine issue for trial."  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (emphasis supplied); Tubacex, Inc. v. M/V RISAN, 45 F.3d 951, 954 (5th Cir. 1995).  Thus, where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no "genuine issue for trial."  *Id.* at 588.

In reviewing the record in this matter, it appears that since the filing of the instant Motions, events have taken place that have bearing on the issues raised herein.  First, Defendant filed a Motion to Compel the Plaintiffs to respond to its discovery which was granted by the Magistrate Judge.  *See* Rec. Doc. 24.  One of the issues raised in support of Defendant's Summary Judgment motion is that Plaintiffs have not offered any additional proof demonstrating that they are entitled to any additional relief from ACA.  However, Defendant has not supplemented its Summary Judgment Motion to provide whether or not the discovery responses compelled in October 2007, some three (3) months after its Motion was filed, shed additional support or no support for its Motion.  Additionally, counsel for the Plaintiffs has withdrawn leaving Plaintiffs to represent themselves *Pro Se.*

In light of the fact that the Plaintiffs' responses to discovery have not been presented to the Court and the fact that Defendant's argument, submitted prior to the order compelling the responses, relies mostly on Plaintiff's failure to supply additional information showing they are entitled to genuine compensation, the Court **DENIES** the summary judgment as premature.  The issue of costs

and fees in the Motion is also denied.[2]

In light of the Court's ruling on Defendant's Motion for Summary Judgment, Plaintiff's Motion is **DENIED** as **MOOT.**[3]

Additionally, since counsel for the Plaintiffs has withdrawn and there has been no indication to this Court regarding whether the Plaintiffs will be representing themselves or if they will be enrolling counsel, the Court gives Plaintiffs twenty (20) days to enroll counsel at which time if counsel is not enrolled, they will be deemed to be representing themselves.

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Dismiss or in the Alternative, Motion for Summary Judgment and Motion for Attorneys Fees, Rec. Doc. 11, is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Quash Summary Judgment, Motion for Attorneys Fees and Motion for Sanctions, Rec. Doc. 13, is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Plaintiffs are given twenty (20) days from the date this order is signed, to enroll counsel in this matter.  Upon the expiration of the twenty day period, if no counsel is enrolled, Plaintiffs shall be deemed as representing themselves *Pro Se.*

New Orleans, Louisiana this 31st day of January, 2008.

_____
UNITED STATES DISTRICT JUDGE
G. THOMAS PORTEOUS, JR.

---

[2]The Defendant may re-file the Motion for Summary Judgment and brief whether the recently compelled discovery responses provide further support or no support of its Motion.

[3]The Court does not decide the issue of whether sanctions are appropriate for the Defendant's alleged failure to produce the corporate representative for deposition as no Motion to Compel was filed on this issue and the issue is not correctly before the Court on a Motion for Summary Judgment.